```
          IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                  *
LISA FUNK DVORAK, pro se,
                                  *
     Plaintiff,
                                  *
          v.                          CIVIL NO.: WDQ-09-1362
                                  *
MICHAEL J. ASTRUE,
Commissioner of Social            *
Security,
                                  *
     Defendant.
                                  *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Plaintiff Lisa Funk Dvorak, *pro se*, seeks review of the decision of the Commissioner of Social Security ("the Commissioner") to deny her claims for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. § 401 *et seq*. (2006). Pending are the Commissioner's motions (1) to dismiss the complaint and (2) to seal Dvorak's medical records. For the following reasons, the Commissioner's motion to dismiss will be granted, and the motion to seal will be denied.

I.   Background

On September 22, 2005, Lisa Funk Dvorak filed for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act. *See* Compl. at 1; 42 U.S.C. §§ 405(g), 1383(c) (2006). An Administrative Law Judge

1

("ALJ") denied Dvorak's claims on September 9, 2008. Def.'s Mem. Supp. Mot. to Dismiss, Ex. 2. Dvorak then timely requested review of the ALJ's decision by the Office of Disability Adjudication and Review's Appeals Council ("Appeals Council"). *See* Jones Decl. at 3. On February 2, 2009, the Appeals Council denied Dvorak's request for review. Def.'s Mem. Supp. Mot. to Dismiss, Ex. 3.

On April 27, 2009, Dvorak filed a *pro se* complaint against, among others, the Social Security Administration in the District Court of Maryland for Cecil County.[1] The complaint alleges that certain testimony regarding her mental disability was wrongly excluded from the hearing before the ALJ and that the ALJ erred in finding that Dvorak was not "disabled" within the meaning of the Social Security Act and its accompanying regulations. Compl. at 1.

On May 21, 2009, the Commissioner of Social Security removed the case to this Court. Paper No. 1. On June 22, 2009, the Commissioner filed copies of all pleadings and other documents originally filed with the District Court of Maryland for Cecil County. Paper No. 7. Among these documents were Dvorak's medical records. At the time of filing, the Commissioner moved to seal these records. Paper No. 10.

---

[1] The proper defendant in a civil action under § 205(g) of the Social Security Act is the Commissioner of Social Security. This case has been re-captioned accordingly.

2

On July 21, 2009, the Commissioner moved to dismiss Dvorak's complaint because the complaint was not timely filed under § 205(g) of the Social Security Act.  Paper No. 13.

## II. Analysis

### A.  The Commissioner's Motion to Dismiss

#### 1.  Standard of Review

Rule 12(b)(6) states that an action may be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The court "should view the complaint in a light most favorable to the plaintiff" and "accept as true all well-pleaded allegations." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any incorporated documents. *See Biospherics*, *Inc. v. Forbes, Inc.,* 989 F. Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998).  The Court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *Id.*   The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

#### 2. § 205 of the Social Security Act

Sections 205(g) and (h) of the Social Security Act govern

3

judicial review of administrative decisions on claims arising under Title II and Title XVI of the Act.  42 U.S.C § 405(g)-(h) (2006).  Section 205(g) states the requirements for judicial review: (1) a final decision of the Commissioner made after a hearing, (2) commencement of a civil action within 60 days of that decision, and (3) filing of the action in an appropriate United States District Court.[2]  *See* 42 U.S.C. § 405(g)(2006); *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975); *Morris v. Weinberger*, 401 F. Supp. 1071, 1081 (4th Cir. 1975).

The Commissioner contends that Dvorak's complaint should be dismissed because she did not comply with the requirements of § 205(g).  First, Dvorak did not challenge the decision "in the district court of the United States for the judicial district in which the plaintiff resides." 42 U.S.C. § 405(g) (2006).  When she filed the complaint, Dvorak resided in Elkton, Maryland and was required to file in the federal district court for Maryland; instead she filed in the state district court for Cecil County.

---

[2]There is no federal question jurisdiction for social security benefits determinations.  *See Heckler v. Ringer*, 466 U.S. 602, 614-16 (1984); *Matthews v. Eldridge*, 424 U.S. 323, 326-27 (1976); *Salfi*, 422 U.S. at 756-62.  Section 205(h) states that the exclusive basis for review is § 205(g).  Section 205(h) provides that "[n]o findings of fact or decision of the Commissioner . . . shall be reviewed by any person, tribunal or governmental agency except as [provided by the Act]" and that "[n]o action against the United States, the Commissioner of Social Security or any officer shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."  42 U.S.C. § 405(h) (2006).

4

Dvorak's complaint was also untimely.  Section 205(g) requires that an action against the Commissioner be filed within 60 days after receipt of notice of the Commissioner's final decision.  Further, suit must be filed within 60 days after notice of the Appeals Council's denial of review of the ALJ's decision.  20 C.F.R. § 422.210(c) (2009).  Receipt of the notice is presumed five days after the denial issues.  *Id.*

On February 2, 2009, the Appeals Council issued its notice of denial of Dvorak's request for review.  Jones Decl. at 3; Def.'s Mem. Supp. Mot. to Dismiss, Ex. 3.  The notice was mailed to Dvorak that day.  *Id.*  Dvorak is presumed to have received the notice on February 7, 2009.  She has not rebutted this presumption.  Accordingly, § 205(g)'s 60-day period expired on April 8, 2009.  Dvorak's complaint, filed on April 27, 2009, was untimely.[3]

Section 205(g)'s timing requirement is not jurisdictional and may be equitably tolled. *Bowen v. City of New York*, 476 U.S. 467, 481 (1986) (finding equitable tolling consistent with the legislative intent of § 205(g)).  In extraordinary circumstances, an untimely complaint need not bar the plaintiff's suit.

---

[3] Attached to Dvorak's response to the Commissioner's motion to dismiss was a Petition for Waiver of Costs dated April 8, 2009.  *See* Pl.'s Opp. to Def.'s Mot. to Dismiss, Ex. 1. Dvorak argues that these documents show that the suit was commenced on April 8.  The state district court complaint was not filed until April 27, 2009.

5

Although "in most cases the [Commissioner] will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Id*. at 480.[4]  Dvorak has shown no extraordinary circumstances that justify her late filing.

Because Dvorak's complaint was untimely under § 205(g) and she has not told the Court of any circumstance that would justify equitable tolling, the Commissioner's motion to dismiss the complaint will be granted.

   B.   Dvorak's Medical Records

      1.   Local Rule 105.11

The Commissioner seeks to seal Dvorak's medical records, which were originally filed in the District Court of Maryland for Cecil County.  Although the Commissioner presumably seeks to protect Dvorak's privacy, Dvorak opposes the motion because she wishes to retain the right to share her medical information with others.  Sealing the records would not prevent Dvorak from sharing her medical information as she chooses.

---

[4] In *City of New York*, the Court held that when claimants were denied benefits pursuant to an internal, undisclosed policy of the Commissioner, which was inconsistent with established regulations, equity required the tolling of § 205(g) until the plaintiffs had an opportunity to determine the facts about their causes of action. *See City of New York*, 476 U.S. at 481.

Dvorak's opposition to the motion, and the dismissal of this case favor denial of the Commissioner's motion.  The Commissioner's motion also failed to comply with Local Rule 105.11, which requires "[a]ny motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."  D. Md. R. 105.11.  The Commissioner's motion contains neither factual representations justifying sealing nor an explanation why alternatives to sealing would not sufficiently protect Dvorak.  The motion merely describes the documents to be sealed and requests sealing.  This is insufficient under 105.11.  Accordingly, the Commissioner's motion to seal Dvorak's medical records will be denied.

III. Conclusion

For the reasons stated above, the motion to dismiss will be granted, and the motion to seal will be denied.

September 25, 2009                         /s/
Date                            William D. Quarles, Jr.
                                United States District Judge